## In re WHITE.

(District Court, N. D. California, First Division.    January 23, 1917.)

### No. 8700.

1. BANKRUPTCY ⬤413(½)—DISCHARGE OF BANKRUPT—OPPOSITION.
    Where, after notice of hearing of trustee's petition to oppose a bankrupt's discharge, no creditor appeared to contest or authorize such action, the referee had no authority to order the trustee to oppose the discharge.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⬤413(½).]

2. BANKRUPTCY ⬤413(½)—DISCHARGE OF BANKRUPT — OPPOSITION — CONSTRUCTION OF STATUTE.
    The provision of Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550, as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (Comp. St. 1913, § 9598), that trustee shall not object to bankrupt's discharge until authorized

"at a meeting of creditors called for that purpose," means authorization by the creditors, and the referee has no right to so authorize the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞413(½).]

3. BANKRUPTCY ☞413(½)—DISCHARGE OF BANKRUPT.

Under the Bankruptcy Act, a bankrupt is entitled to his discharge, unless the creditors, either singly or collectively, oppose it, and a mere volunteer may not oppose his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞413(½).]

4. BANKRUPTCY ☞413(½)—DISCHARGE OF BANKRUPT—OPPOSITION.

Where creditors had not authorized the trustee to oppose bankrupt's discharge, the bankrupt's objection to a hearing upon objections filed by the trustee by order of the referee should have been sustained.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞413(½).]

In Bankruptcy. In the matter of H. S. White, bankrupt. On application for discharge of bankrupt. Discharge granted.

Wilder Wight, of Oakland, Cal., for bankrupt.

Clarence A. Shuey and W. Dorn, both of San Francisco, Cal., for trustee.

DOOLING, District Judge. The bankrupt regularly made application for his discharge. The trustee appeared and filed specifications in opposition thereto. The matter was then referred to the referee to hear and report on the objections. He has reported, recommending that the objections be sustained and the discharge denied. Before the referee, and at all proper times, the bankrupt has claimed that the specifications should not be considered, for the reason that the trustee was never authorized, at a meeting of creditors called for that purpose, to interpose objections to his discharge. The facts as gathered from the referee's report are as follows:

On April 27, 1915, the referee sent out the following:

"Notice to Creditors.

"To the Creditors: Take notice, that William R. Pentz, trustee herein, has filed his second account, and that at the office of the undersigned, Room 202, U. S. Courthouse and Post Office Building, San Francisco, California, on May 7, 1915, at 10 a. m., said account will be examined and passed upon, and a dividend declared; and further take notice that said trustee has filed herein a petition for an order authorizing him to oppose the discharge of said bankrupt, which will be heard at the time and place aforesaid.

"Dated April 27, 1915. Armand B. Kreft, Referee in Bankruptcy."

It does not appear that any creditors attended in response to this notice, the referee's report reciting only as follows:

"At the time set for the hearing no creditor appeared in opposition to the making of the order authorizing the trustee to oppose discharge."

[1, 2] The trustee was not authorized by the creditors to oppose the discharge, but was authorized by order of the referee only. The power to authorize an opposition to a discharge is not lodged with the referee, but with the creditors—"the parties in interest." The language of the statute (Act July 1, 1898, c. 541, § 14b, 30 Stat. 550, as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 [Comp. St. 1913, § 9598]) is:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Provided, that a trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do at a meeting of creditors called for that purpose."

This language has been held to mean "authorized *by the creditors* at a meeting held for that purpose." If the creditors had met in pursuance to the above notice, and had at such meeting authorized the trustee to oppose the bankrupt's discharge, I would not be disposed to hold such authorization unwarranted because of any defect in the form of the notice. But it is one thing to say that the trustee "is authorized by the creditors," and another thing to say, as here, that "no creditor appeared in opposition to the making of the order authorizing the trustee to oppose the discharge." I can find no warrant anywhere for the making of such order by the referee. As above stated, it does not even appear anywhere in the record that a single creditor was present at the time and place designated in the notice. All that does appear is that there was no creditor present objecting to the making of the order by the referee. In my judgment, the appearance by the trustee in opposition to the bankrupt's discharge was absolutely without warrant, as wholly unwarranted as if he had appeared of his own motion and without an order of the referee having been made at all.

[3] It is urged, however, that the provision of the statute above quoted is for the protection of the creditors, and not for the protection of the bankrupt; that it is only a question of costs, and not of authority. I do not so read the provision. The bankrupt is entitled to his discharge unless opposed by a party in interest. It is not every volunteer that may halt his discharge. The trustee is forbidden to oppose a discharge, except when authorized so to do by the creditors. Until so authorized he is a mere volunteer, because not a party in interest. Any creditor may oppose a discharge, or the creditors acting together may authorize the trustee to do so. But unless the creditors, either singly or collectively, desire that a bankrupt's discharge be opposed, such discharge must be granted. Neither the trustee as such nor the referee as such is authorized to substitute his desire or judgment for the desire or judgment of the creditors in this regard. And it is a very material matter to the bankrupt if to those authorized by statute to oppose his discharge shall be added by construction the trustee and the referee, so that he is materially interested in seeing that his discharge shall be opposed by those only who are by statute authorized to do so. Even now, after extended hearings before the referee, and with elaborate briefs of counsel before me, I am unable to determine from the record that a single creditor is, or ever was, in favor of opposing the bankrupt's discharge.

[4] The objections of the bankrupt to any hearing upon the specifications filed by the trustee, on the ground that they were unauthorized, were opportunely made, and should have been heeded. So far as appears, there is no creditor interested in this proceeding, and for that reason the specifications will be disregarded, and the discharge granted.